Case No. 25-1412. Mr. Kermangaliyev, could you please come up? Sorry. Hold on one second, please. Thanks. Hold on one second. All right. Okay. Mr. Kermangaliyev, did I pronounce that correctly? Yes. Good morning. Good morning, good morning. So you have five minutes. Just so you know, we, the three of us, have had the benefit of what you submitted, what the city has submitted, so we're familiar with your case. Thank you for your patience, but we're here to hear you right now, okay? Thank you. Okay, so I had a traffic stop, at least that's what they call it, but I don't believe I was given a fair chance at the district court because they dismissed the case with prejudice at the pleading stage, and I never had an opportunity to litigate. They dismissed it because the complaint stated that my car was dirty, so was the license plate, and they assumed that the level of dirt on the plate probably was, to my personal assumption, was not the one where you could recognize the plate, but I disagree with that statement, and I actually have pictures. Did you submit the pictures to the district court? Yes. Were they attached to your complaint? I believe so. Okay. Of the license plate? Yes. Of the entire, you know, I worked as a taxi driver, and I went from upstate, I mean, the day before. I never had an opportunity to wash my car, and, you know, I had an emergency. I had to go to the NYPD headquarters in downtown Manhattan, and because I had a deadline of, like, I was doing my papers for the immigration, and they asked me for a background clearance paperwork from the local police headquarters, so. You were looking for a parking spot. Pretty much, yeah. And you were stopped already, so it wasn't as if the marshal, the deputy marshal, he didn't actually stop you, right? No. Because you were already stopped. No, the thing is, I observed right across the street from. . . You were looking for a parking spot. Yeah, I was desperate. I came at 10 a.m., I couldn't find parking until 12, and I observed, like, eight to nine sheriff cars across the street, and two of them in the front, they had emergency lights on. I assumed that they were probably going to flee for the emergency because they had already activated their lights. That wasn't probably very smart of me, but I decided to approach them and ask them if they were planning to leave. Once the deputy heard that question, he asked me a very incriminating question. He didn't answer yes or no. He said, why did you pepper spray your plate? I know there is no healthy answer to that. It's a very incriminating question. Whether I say yes or no, he could flip it. And I said, what are you talking about? My car is dirty, and, like, could you just tell me whether or not you're leaving so I could be on my way? Was the license plate dirty? It was. The entire vehicle was. Could you see the numbers on the license plate? Absolutely. Does it matter? I mean, it seems like the New York State courts have interpreted that law to say, even if you can see the numbers, it's still a violation if there's dirt on the plate that obscures it to some extent, right? Right. So why would it matter if you could see the numbers or not? Well, this is what happened. I went in the front. I parked in a bicycle lane, right, double parked to another car. I put my hazard lights on, right, and I went in the back to approach them. He's spoken to a female officer through the window like this, right? They were communicating, and I apparently interrupted them. He probably was mad at me for that, and when he started interaction with me, he could see my plate immediately. You know, he asked me that question that I couldn't answer, and he kept insisting. And then he asked me two times. I didn't answer. He decided to demand my ID. I said, I'm sorry, I disagree with you. New York is not a stop-and-identify state. He said, no, you're wrong, and he pointed a finger at me like this, and then another eight to nine sheriff officers approached, and they surrounded me, and he started shouting at me. He started shouting at me. But he's not stopping you to identify you. He's saying that there's a violation of the license plate law, right? Well, he said, now it turns into a traffic stop. When I approached him on foot, like I was walking, you know, you can't just grab somebody, force them into the car, and tell them, identify yourself, and give them a traffic summons. I have a ticket right here. By the way, I tried to get him. I tried to ask him for his credentials, like badge number and his last name. He gave me this. It's clear. It's blank. Because basically he wrote with, like, you know, those thick pens that you could not read on, like you could not see on the second paper, if you'd like to take a look. I mean, I don't know if that makes it defective or not, but isn't that an argument you could raise in challenging the ticket? Yeah. Well, the ticket was dismissed. I went to the court instead. I'm sorry. No, I was just saying the ticket was dismissed anyway. It might have been dismissed because it's not legible. He never showed up to the court. I tried to identify him, and only the district court eventually identified him as Deputy Morrison. And I didn't know until I got to the district court. I didn't know what was his name. I didn't know his badge number. Nothing. Well, thank you very, very much, Mr. Kalia. Why don't you have a seat right here. Thank you. And then we'll hear from the lawyer for the city. Thank you. Good afternoon. Mackenzie Fellow for the named Appelese. This court should affirm because the officers had reasonable suspicion that the plaintiff had committed. I do have some concerns here.  The ticket was for obstruction, according to the complaint. It wasn't a ticket for a dirty license plate. It was a ticket for an obstructed license plate. I think that's in the complaint somewhere. The statute says it has to be clean and unobstructed. But the ticket was for obstruction, right? I'm not sure that I can remember exactly what the complaint alleges about the ticket. But the point is that the reasonable suspicion assessment is an objective assessment. Paragraph 40 of the complaint says that the summons was for an obstructed vehicle plate. So we're accepting that allegation as true.  The complaint also says, paragraph 15, that the plate had some minor dirt spots but was clearly visible and not covered or sprayed with anything. We assume that to be true. That's correct, yes. All right. Where's the probable cause to believe that the plate was obstructed? Well, we only really need probable cause or reasonable suspicion, actually, to believe. Reasonable suspicion, you're right. To believe. Where's the reasonable suspicion that the plate was obstructed, given the allegations in the complaint that it was clearly visible, not covered or sprayed with anything? And it's a 12B6 motion, and we're supposed to draw all reasonable inferences in favor of the plaintiff. Sure. We don't really need reasonable suspicion that it was obstructed. We need reasonable suspicion. But the ticket was for obstruction. The ticket wasn't for having a dirty license plate. But this Court has held that reasonable suspicion for any violation would be sufficient. And on these facts, as alleged by the plaintiff, there was reasonable suspicion to believe that the plate was dirty and that he was parked illegally, as he just admitted. An objective police officer would give someone a ticket for having a dirty license plate because it had a few minor dirt spots on it but was clear and not obstructed. That's reasonable conduct. Well, I don't know whether it's reasonable conduct, but it's reasonable suspicion to believe that the plaintiff had violated the traffic laws. So you think an objective, reasonable police officer would stop someone because they had minor dirt spots on it when the plate was clear and unobstructed? Yes. And then give them a ticket for having an obstructed plate. I do believe that because there are many appellate division cases, in fact, affirming convictions for people for obstructing their plate even though it was de minimis, as the Court said. Could we read the complaint to give rise to the inference that the police officer or the deputy marshal was annoyed? He was annoyed that Mr. Kermangoliev had disturbed him and asked him a question about parking. And then as a consequence of that, he gave him a ticket. I don't think there are any facts alleged in the complaint that would support that. But even if there were, it wouldn't really matter because the question is not whether the officer was subjectively annoyed but whether there was an objective basis to believe. So he's allowed to be annoyed, but if he has probable cause for the stop, that's a defense, right? Or he was a reasonable suspicion for the stop, that's a defense, right? That's exactly right. And there plainly was here. As he's admitted here today, his plate was dirty and he was parked in the bike lane. And I'm sorry that he had a bad experience with the police, but the facts that he has alleged in his complaint show that there was reasonable suspicion to get a ticket for a dirty plate. And that's really all that happened here, and it doesn't need to be made a Federal case out of it. And as far as malicious prosecution, there was no criminal prosecution. A traffic infraction is not a crime. It says that expressly in Vehicle Traffic Law 155. So you're saying that the judge or the court dismissed the State claims with prejudice? I don't know. I thought the State claims were just declined to assert jurisdiction. No, but dismissed all the claims with prejudice. I think that that's in there. Page 101. That's in there, yeah. I'm not sure that they, that, I thought the court said, I'm sorry, that there was declining to exert jurisdiction. But it also dismissed, as a decreto matter, it dismissed in the order the case with prejudice. And is that, would you concede that that's an error if, with respect to the State claims, as to which it declined to exercise self-liminal jurisdiction? I would not, given that there's no way the plaintiff could assert such a claim anyway, given that he has not filed a, not served a notice of claim on the city within 90 days. So he wouldn't be able to, he has no such claim. Well, that's up to the State to determine, not up to us. Would you agree with that? I would agree that, in general, it's appropriate to dismiss State claims for lack of, to decline subject matter jurisdiction over State claims. That's the appropriate course when Federal claims are dismissed. And to do so without prejudice. You think that's what the district court did? But if we dismiss them with prejudice, you would agree that we should modify that judgment or something? Yes, that would be fine with us, yes. Thank you very much. Thank you. So, sir, we will reserve decision on this. And you'll get a decision in writing from us explaining whatever our decision is in due course. Is that fair? Yes, thank you. Great. Thank you so much for coming.